NOT FOR PUBLICATION

# UNITED STATES BANKRUPTCY COURT

# EASTERN DISTRICT OF CALIFORNIA

In re:

GARY ALLAN BRADY,
and ROSE MARIE BRADY,

Debtors.

Case No. 19-10640-A-13

SAH-2

**MEMORANDUM**

Argued and submitted on June 27, 2019

at Fresno, California

Honorable Fredrick E. Clement, Bankruptcy Judge Presiding

Appearances: Susan A. Hemb, Hemb Law Group, for debtors Gary Allan Brady and Rose Marie Brady; Sarah R. Velasco for Chapter 13 trustee Michael H. Meyer

Debtors Gary Brady and Rose Brady ("Bradys") move for confirmation of their Chapter 13 plan. Chapter 13 trustee Michael H. Meyer opposes confirmation, arguing that the Bradys are not devoting all of their "projected disposable income" to payment of their unsecured creditors. There are two issues: (1) whether the debtors' historical charitable giving supports a $700 deduction on Line 31 of Form 122C-2; and (2) debtor's entitlement to a deduction of $25 for a cell phone expense on Line 23 of Form 122C-2.

I.  LAW

Chapter 13 debtors must propose and confirm a plan for repayment of their creditors. 11 U.S.C. § 1321. The plan must comply with § 1325. The debtor bears the burden of proof and the quantum of proof is preponderance of the evidence. *In re Wolff*, 22 B.R. 510, 512 (B.A.P. 9th Cir. 1982).

If the trustee or the holder of an allowed unsecured claim objects, the plan must pay allowed unsecured creditors in full or the plan must devote all of the debtors' "projected disposable income" received in the "applicable commitment period" for payment of unsecured creditors. 11 U.S.C. § 1325(b)(1)(B). For above median income debtors, "projected disposable income" is calculated by determining the debtors' "current monthly income," 11 U.S.C. § 101(10A) (a six month prepetition average of all income received, except Social Security benefits) and then deducting standardized monthly living expenses, as well as the secured priority debts averaged over the 60 months following the petition filing date. 11 U.S.C. §§ 1325(b)(2),(3), 707(b)(2)(A)(ii)-(iv).

II. DISCUSSION

A. Charitable contributions

Among the deductions that the debtor may claim are charitable contributions "not to exceed 15% of gross income." 11 U.S.C. § 1325(b)(2)(A)(ii). The charitable giving deduction is limited to amounts actually made by the debtor. *In re Gamble*, No. 11-80131, 2011 WL 2971406, at *3 (Bankr. M.D.N.C. June 15, 2011) (allowing a $600 per month deduction actually being made in the year of the petition notwithstanding giving of $171.25 per month in the preceding year); *In re Steele*, No. 09-21218, 2010 WL 4791837, at *3 (Bankr. D. Wyo. Nov. 18, 2010).

The Bradys have not sustained the burden of proof as to charitable contribution expenses of $700 per month. Official Form 122C-2, Line 31, May 8, 2019, ECF # 30. The Statement of Financial Affairs makes the following representations about charitable giving: 2016 $6,333 ($528/month); 2017 $6,5820 ($548 per month) and "YTD"[1] $5,119 ($427/month). Statement of Financial Affairs No. 14, February 25, 2019, ECF # 1. In contrast, the Bradys' declaration in support of confirmation suggests charitable giving for January through June 2018 of $676 per month[2] and charitable giving for January through June 2019 giving of $338 per month.[3] The court finds that the debtors have a

---

[1] Since the petition was filed February 25, 2019, and the debtors claim giving of $5,118.96 the court presumes that the "YTD" is an error and that the debtors intended to recite their 2018 giving history.

[2] Brady decl. exhibit pp. 1-2 for 2018 giving, June 24, 2019, ECF # 57 ($3,691.03 on page 1 + $365.64 on page 2 equals $4,056.67 divided by six months equals $676.11). There is no evidence of the debtors' charitable giving in the second half of 2018.

[3] *Id.* at pp. 4-5 ($1,177.84 on p. 4 + $850.46 on p. 5 equals $2,028.30 divided by six months equals $338.05).

3

sustained pattern of charitable giving in the amount of $500 per month.[4] As a result, the debtors have not sustained their burden of proof for a charitable deduction of $700 per month.

**B.    Cell phone**

Debtors may also deduct telecommunication expenses for business cell service "to the extent necessary for health and welfare" and for unreimbursed expenses for "the production of income." Official Form B122-2, Line 23. Excluded as basic home telephone and cell phone service. *Id.*

Here, the debtors claim a $25 monthly expense. The debtor Rose Brady and contends that she is "often required to utilize [her] cell phone for work purposes." Brady decl., June 20, 2019, ECF # 56. From the phrase "often required to utilize my cell phone" the court infers that this is the debtor's personal cell phone and, thus, that phone expense falls within the basic cell phone expense exclusion. Moreover, even without such an inference, the debtor's failure to proffer evidence of the amount of that expense would preclude granting the motion.

///
///
///
///
///
///
///

---

[4] That amount is calculated as follows: 2016 tithes $6,333, 2017 tithes $6,582 and 2018 tithes $5,119 aggregate $18,034, divided by 36 months is $500.94 per month.

## III. CONCLUSION

For these reasons, the motion is denied.[5] The trustee will lodge an order consistent with the findings herein.

Dated: Jul 01, 2019

*/s/ Fredrick E. Clement*
Fredrick E. Clement
United States Bankruptcy Judge

---

[5] In the alternative, if the debtor is agreeable to plan confirmation after increasing the payment to address the issues resolved herein and if the trustee believes such a plan is feasible, the parties may submit an order confirming the plan, which increases the payment, as necessary.

5

## Instructions to Clerk of Court
Service List – Not Part of Order/Judgment

The Clerk of Court is instructed to send the Order/Judgment or other court generated document transmitted herewith to the parties below. The Clerk of Court will send the Order via the BNC.

Michael H. Meyer
PO Box 28950
Fresno CA 93729-8950

Susan A. Hemb
420 Bullard Ave., Ste. 105
Clovis CA 93612